[Central of Georgia Railway Co. v. Windham.]

# Central of Georgia Railway Co. v. Windham.

*Action against a Railroad Company to recover Damages re-sulting from Overflow caused by Construction of its Roadway.*

1. *Negligence of railroad company in constructing its road-bed; when vindictive damages not recoverable; charge to the jury.*—In an action against a railroad company to recover damages alleged to have been caused by the negligence of the defendant in the construc-tion of its roadway, causing surface water to overflow upon plaintiff's land, where the evidence merely shows that the de-fendant company so negligently constructed and maintained its road bed and track as to cause, in the time of heavy rains, surface water to overflow upon plaintiff's lands, which resulted in his injury, such evidence does not authorize the recovery of exemplary damages; and in such action it is, therefore, error for the court to refuse to so instruct the jury.
2. *Same; charge to the jury.*—In such action a charge which predi-cates the right of the plaintiff to recover upon the facts of the construction and maintenance of the road bed as alleged, which caused surface water to overflow upon the plaintiff's lands, and that such water would not naturally have done so, without hypothesizing damages to the plaintiff, is erroneous and prop-erly refused.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

Action by W. P. Windham against the Central of Georgia Railway Company to recover damages for injury to plaintiff's property and to the health of his family, alleged to have been caused by the negligence of the de-fendant in the construction of its roadway along and by the side of plaintiff's property. The cause was tried upon the plea of the general issue. Upon the trial of the cause it was shown that the defendant constructed its roadway adjacent to the property owned by the plaintiff; that in so doing there were made excavations; and that by reason of the peculiar construction of the roadway,

together with the ditches and excavations made by the defendant, the lands and premises of the plaintiff were overflowed, and the plaintiff sustained damages to his property and otherwise.    The evidence for the defendant tended to show that the overflows complained of were the result of natural causes, and occasioned by the unusual rain and freshets.    At the request of the plaintiff the court gave to the jury, among others, the following written charge:    (5)    "If the jury believe from the evidence that defendant has, as alleged in the complaint, and at the time therein named, caused water to flow on plaintiff's grounds, and stand under his house, as alleged in the complaint, and that said water would not naturally have flowed over plaintiff's lands, then the verdict must be for the plaintiff."    To the giving of this charge the defendant duly and separately excepted, and also separately excepted to the court's refusal to give, among other charges requested by it, the following:  (1.)  "The court charges the jury in this case that the plaintiff cannot recover exemplary damages."    There were verdict and judgment for the plaintiff.    The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

G. L. COMER, for appellant.

SOLLIE & KIRKLAND, contra.

McCLELLAN, J.—The evidence in this cause makes no case for exemplary or vindictive damages.    Charge 1 requested by the defendant should, therefore, have been given.    We can not know that exemplary damages were not assessed by the jury, and hence we can not say the refusal of the charge involved no injury to the defendant.

Charge 5 given for plaintiff should have further hypothesized damages to the plaintiff.

We find no error in the other rulings of the court to which exceptions were reserved.

Reversed and remanded.